*United States v. Hamlett*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> REENA RAGGI,
> GERARD E. LYNCH,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    19-3069

CHRISTOPHER HAMLETT, AKA CADI, AKA CADILLAC BLACK,

*Defendant-Appellant*.

---

For Defendant-Appellant:        JAMESA J. DRAKE, Drake Law LLC, Auburn, Maine.

For Appellee:                   NANCY V. GIFFORD, Assistant United States Attorney (Sarala V. Nagala, Sandra S. Glover, Assistant United States Attorneys, *on the brief*), *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, Connecticut.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Christopher Hamlett appeals from a September 19, 2019, judgment of the United States District Court for the District of Connecticut sentencing him to fifteen years in prison on two counts of production of child pornography in violation of 18 U.S.C. § 2251(a); ten years in prison on two counts of sex trafficking of a minor in violation of 18 U.S.C. § 1591(a)(1), (b)(2), and (c); and five years in prison on five counts of using a facility of interstate commerce to facilitate prostitution in violation of 18 U.S.C. § 1952(a)(3)(A) and (b)(i)(1), to run concurrently. On appeal, Hamlett argues that the district court improperly excluded cross examination and expert testimony concerning the purported mental health diagnoses and treatment of the two minor victim-witnesses and improperly denied his request for a continuance to subpoena the witnesses' mental health providers and records. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference here only as necessary to explain our decision to affirm.

\* \* \*

### I. Mental Health Evidence

"We review evidentiary rulings, including a trial court's decision to limit the scope of cross-examination, for abuse of discretion." *United States v. Sampson*, 898 F.3d 287, 308 (2d Cir. 2018) (quoting *United States v. White*, 692 F.3d 235, 244 (2d Cir. 2012), *as amended* (Sept. 28, 2012)). "The same abuse-of-discretion standard of review applies to rulings on the admissibility of expert testimony." *Restivo v. Hessemann*, 846 F.3d 547, 575 (2d Cir. 2017)

(internal quotation marks and citation omitted). "We may find abuse of discretion only if: (1) the decision 'cannot be located within the range of permissible decisions,' (2) the decision rests on a 'clearly erroneous factual finding,' or (3) the decision 'rests on an error of law.'" *Sampson*, 898 F.3d at 308 (quoting *Gallego v. Northland Grp. Inc.*, 814 F.3d 123, 129 (2d Cir. 2016)).

Under Federal Rule of Evidence 403, a court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. In assessing the probative value of a witness's psychological history when offered on the issue of credibility, "the court should consider such factors as the nature of the psychological problem, the temporal recency or remoteness of the history, and whether the witness suffered from the problem at the time of the events to which she is to testify, so that it may have affected her ability to perceive or to recall events or to testify accurately." *United States v. Vitale*, 459 F.3d 190, 196 (2d Cir. 2006) (quoting *United States v. Sasso*, 59 F.3d 341, 347–48 (2d Cir. 1995)); *see also United States v. Crowley*, 318 F.3d 401, 419 (2d Cir. 2003). As to testimony from experts, "[t]he admissibility of expert testimony in the federal courts is governed principally by Rule 702 of the Federal Rules of Evidence," which calls for the district court to "ensure that 'any and all scientific testimony or evidence admitted is not only relevant, but reliable.'" *Nimely v. City of New York*, 414 F.3d 381, 395–96 (2d Cir. 2005) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). "[T]his court, echoed by our sister circuits, has consistently held that expert opinions that constitute evaluations of witness credibility, even when such evaluations are rooted in scientific or technical expertise, are inadmissible under Rule 702." *Id.* at 398. Furthermore, "the Supreme Court, echoed by members of our own court, has noted the uniquely important role that Rule 403 has to play in a district court's scrutiny of

expert testimony, given the unique weight such evidence may have in a jury's deliberations." *Id.* at 397.

Here, Hamlett sought to cross examine the witnesses about their purported mental health diagnoses and their use of prescribed medications based on information contained in records from the Connecticut Department of Children and Families ("DCF"), which had previously provided custodial placements for both witnesses. In addition, he proffered testimony from an expert who would purportedly substantiate diagnostic impressions contained in the DCF records based on his review of such records, and who would discuss symptoms typically exhibited by individuals with those mental health diagnoses. The district court excluded the requested cross examination on two grounds: first, the questionable relevance and potentially prejudicial nature of the proposed evidence, and second, the absence of a clear link between any particular mental health diagnosis and a witness's credibility. The district court likewise excluded the expert testimony under Rules 403 and 702 due to its concerns that the testimony would be minimally probative of the circumstances in which the witnesses would lie and how those circumstances would relate to the events most pertinent to the case, and that the testimony would pose the risk of prejudice to the witnesses. In addition, the district court questioned whether the expert's review of DCF records alone could lay a proper foundation for expert opinion under Rule 702 and noted that the expert testimony would likely constitute an evaluation of witness credibility in contravention of Second Circuit law.

We conclude that the district court acted well within its discretion to exclude cross examination and expert testimony regarding the witnesses' mental health information. Hamlett failed to sufficiently connect the information contained in the records to the witnesses' "ability to perceive or to recall events or to testify accurately," *Vitale*, 459 F.3d at 196 (quoting *Sasso*, 59

4

F.3d at 348), thus rendering the evidence minimally probative of their credibility at trial. *See Sasso*, 59 F.3d at 348 (finding no abuse of discretion in the exclusion of evidence of a "relatively recent" mental condition given "no indication" that the precipitating incident or prescribed medication "affected [the witness's] ability to perceive events" or that the witness "was delusional or paranoid[] or had any difficulties in memory"). The DCF records consisted largely of social workers' case notes and included contradictory statements about purported diagnoses and treatment, while Hamlett, as the district court noted in a post-trial ruling, failed to lay the proper foundation as to how the purported diagnoses were tied to credibility or "whether either Jane Doe or Mary Smith suffered from any [mental health] diagnosis at the time of the events in the indictment." *United States v. Hamlett*, No. 3:18-cr-24, 2019 WL 3387098, at *16 (D. Conn. July 26, 2019). As to the expert testimony, even if, as Hamlett contends, the proposed expert testimony would not have contained impermissible "evaluations of witness credibility," *Nimely*, 414 F.3d at 398, the district court acted within its discretion to nonetheless exclude such testimony under Rule 403. The purported mental health diagnoses were remote in time from the charged events and thus potentially irrelevant, as well as being unfairly prejudicial to the witnesses.

We likewise reject Hamlett's contention that the district court's evidentiary rulings had constitutional implications that warrant reversal. The Confrontation Clause under the Sixth Amendment "gives a defendant the right not only to cross-examination, but to effective cross-examination." *United States v. James*, 712 F.3d 79, 103 (2d Cir. 2013). "But [i]t does not follow, of course, that the Confrontation Clause prevents a trial judge from imposing *any* limits on defense counsel's inquiry [in cross-examining] a prosecution witness." *Id.* (internal quotation marks and citation omitted). "[T]rial judges retain wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice,

confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). As to expert testimony, "[t]he right to call witnesses in order to present a meaningful defense at a criminal trial is a fundamental constitutional right secured by both the Compulsory Process Clause of the Sixth Amendment," *Washington v. Schriver*, 255 F.3d 45, 56 (2d Cir. 2001), *as amended* (June 15, 2001), "as well as by the Due Process Clause of the Fifth Amendment," *United States v. Percoco*, 13 F.4th 158, 177 (2d Cir. 2021). Still, "[this] right is not, of course, unlimited; the defendant must comply with established rules of procedure and evidence designed to assure both fairness and reliability." *Washington*, 255 F.3d at 56 (internal quotation marks and citation omitted). The exclusion of expert testimony rises to the level of a constitutional error where "the admission of the testimony would [] have created an otherwise non-existent reasonable doubt about the [defendant]'s guilt." *Id.* at 60 (internal quotation marks and citation omitted).

Given the limited probative value of the proposed cross examination, the district court's exclusion of cross examination about the witnesses' purported mental health diagnoses constituted a "reasonable limit[]," *Van Arsdall*, 475 U.S. at 679, based on the court's concerns about the potentially irrelevant and prejudicial nature of such questioning. For similar reasons, the district court's exclusion of the expert testimony did not rise to the level of a constitutional error. Hamlett had multiple opportunities to undermine the credibility of the witnesses' testimony without reference to the expert's testimony, and the proposed testimony would not have created "an otherwise non-existent reasonable doubt about [Hamlett's] guilt." *Washington*, 255 F.3d at 60 (internal quotation marks and citation omitted) (holding that the exclusion of expert testimony on the "suggestibility" of young children did not constitute constitutional error where "issues relating

6

to the potential suggestibility of the young witness were presented to the jury in several different ways").

## II. Continuance

By extension, Hamlett's argument that the district court improperly denied his request for a continuance also fails. "A district court has broad discretion to grant or deny a motion for a continuance." *United States v. Cusack*, 229 F.3d 344, 349 (2d Cir. 2000). "We will overturn a district court's decision to deny a continuance 'only for an abuse of discretion.'" *United States v. Miller*, 626 F.3d 682, 690 (2d Cir. 2010) (quoting *Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 100 (2d Cir. 2001)). "A defendant must thus show both arbitrariness and prejudice in order to obtain reversal of the denial of a continuance." *Id.* Hamlett argues that the district court improperly denied his request for a continuance to subpoena the witnesses' mental health providers and records, which he stated would obviate the need for expert testimony to substantiate the purported mental health diagnoses contained in the DCF records. The district court denied his request, noting that procuring the records would not be a fruitful course because there was likely no basis to admit the resulting evidence. While we acknowledge that Hamlett had little opportunity to review the DCF records before trial, we nonetheless disagree with his assertion that the district court abused its discretion in denying the continuance. Because the court acted within its discretion in excluding evidence of the witnesses' purported mental health diagnoses, the court also acted within its discretion in denying a continuance to develop testimony on the same issue that would ultimately be inadmissible. Moreover, Hamlett has failed to show either "arbitrariness" or "prejudice," *Miller*, 626 F.3d at 690, in the court's denial of his request, and we must therefore reject his claim.

\* \* \*

7

We have considered Hamlett's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk